UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LORI OSTENFELD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | ECF CASE |
| | : | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Individually, and in its capacity as an Administrator of The Guardian Life Insurance Company of America Group Long Term Disability Income Insurance Group Plan Policy Number: 00519629; NEWSELA, INC., Individually and in its capacity as Plan Sponsor and an Administrator of The Guardian Life Insurance Company of America Group Long Term Disability Income Insurance Group Plan Policy Number: 00519629; and THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA GROUP LONG TERM DISABILITY INCOME INSURANCE GROUP PLAN POLICY NUMBER: 00519629, | : | Civil Action No.: 1:22-cv-08265-VSB |
| Defendants. | : | |

## ANSWER AND COUNTERCLAIMS

Defendants The Guardian Life Insurance Company of America ("Guardian") and The Guardian Life Insurance Company of America Group Long Term Disability Income Insurance Group Plan Policy Number: 00519629 (the "Plan") respond to the allegations of Plaintiff's Complaint as follows:

<u>FIRST DEFENSE</u>

1. Answering the allegations of paragraph 1, allege that Plaintiff purports to seek long-term disability ("LTD") benefits she claims are due under the Plan pursuant to ERISA, 29

U.S.C. §§ 1101 *et seq.*, and equitable relief from this Court for actions she contends were a breach of Guardian's fiduciary duty. Except as so alleged, deny any remaining allegations of that paragraph.

2. Paragraphs 2-4, 6, 44, 49-56, and 58 state conclusions of law for which no response is required. To the extent the Court may otherwise construe those paragraphs, they are denied.

3. Lack knowledge or information sufficient to form a belief as to the truth of paragraphs 5, 30, and 31.

4. Answering the allegations of paragraph 7, allege that this paragraph states a conclusion of law, for which no response is required as to Defendant NEWSELA, INC.'s ("NEWSELA") role in relation to the Plan. Except as so alleged, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

5. Admit paragraphs 8, 12, 40, and 80.

6. Answering the allegations of paragraphs 9, 10, 59-62, and 85, these paragraphs state conclusions of law for which no response is required by Defendants. Defendants respond further that the terms of the Plan speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of those paragraphs.

7. Answering the allegations of paragraph 11, allege that Plaintiff at times was employed by Defendant NEWSELA. Except as so alleged, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

8. Answering the allegations of paragraph 13, allege that Guardian sent Plaintiff a letter dated December 6, 2017, approving her claim for LTD benefits. The terms of that letter

speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

9. Answering the allegations of paragraph 14, allege that at times Plaintiff was paid LTD benefits under the Plan and at times New York State Disability ("NYSD") benefits paid to plaintiff offset LTD benefits paid under the Plan. Defendants further respond that the terms of the Plan speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

10. Answering the allegations of paragraph 15, allege that by letter dated July 20, 2018, Guardian asked Plaintiff to provide a written status of Social Security Disability Insurance ("SSDI") benefits along with other claim information. The terms of that letter speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

11. Answering the allegations of paragraph 16, allege that Guardian received a written copy of Plaintiff's SSDI application on or about September 10, 2018. Except as so alleged, deny any remaining allegations of that paragraph.

12. Answering the allegations of paragraph 17, allege that Plaintiff advised Guardian by email in December 2018 that SSDI benefits had been denied. The terms of the email speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny the remaining allegations of that paragraph.

13. Answering the allegations of paragraph 18, allege that Plaintiff's attorney provided Guardian with a document regarding an Administrative Law Judge ("ALJ") hearing on Plaintiff's SSDI appeal. The terms of the document speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, lack knowledge or

3

information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

14. Answering the allegations of paragraph 19, allege that at times Shawn Agostinelli was the case manager for Plaintiff's claim. Except as so alleged, deny any remaining allegations of that paragraph.

15. Answering the allegations of paragraph 20, allege that Plaintiff and Shawn Agostinelli communicated on multiple occasions regarding Plaintiff's claim. Except as so alleged, deny the remaining allegations of that paragraph.

16. Answering the allegations of paragraph 21, allege that Guardian received an email dated September 12, 2019, pertaining to SSDI benefits. The terms of that email speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

17. Answering the allegations of paragraph 22, allege that Guardian asked Plaintiff for a copy of her SSDI award letter by email dated September 23, 2019. The terms of Guardian's September 23, 2019, email speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

18. Answering the allegations of paragraph 23, allege that Plaintiff by email dated September 26, 2019, advised Guardian that her SSDI award had been reduced by an attorneys' fee award. The terms of Plaintiff's email communication speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

19. Answering the allegations of paragraph 24, allege that Plaintiff spoke by

telephone with Guardian on September 24, 2021, and as of that time Guardian had not been presented with a letter awarding Plaintiff SSDI benefits. Except as so alleged, deny any remaining allegations of that paragraph.

20. Answering the allegations of paragraph 25, allege that Plaintiff on September 24, 2021, forwarded copies of emails purporting to be an email exchange in 2019 between Plaintiff and Guardian. The terms of the email communications speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

21. Answering the allegations of paragraphs 26-29, allege that Guardian wrote Plaintiff a letter dated September 27, 2021, pertaining to the suspension of LTD benefits. The terms of that letter speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of those paragraphs.

22. Answering the allegations of paragraph 32, allege that Guardian received a letter dated October 8, 2021, and addressed to Andrew J. McMahon. The terms of that letter speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of those paragraphs.

23. Answering the allegations of paragraph 33, allege that Guardian wrote Plaintiff a letter dated October 22, 2021, pertaining to Plaintiff's receipt of SSDI benefits. The terms of that letter speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

24. Answering the allegations of paragraph 34, allege that on or about November 1, 2021, Guardian began reducing Plaintiff's LTD benefits in order to recover an overpayment of LTD benefits, as permitted by the Plan. Except as so alleged, deny any remaining allegations of

5

that paragraph.

25.     Answering the allegations of paragraph 35, allege that Guardian wrote Plaintiff a letter dated July 6, 2022, pertaining to LTD benefits. The terms of that letter speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

26.     Answering the allegations of paragraph 36, allege that Guardian received a letter dated November 30, 2021, from Plaintiff's counsel requesting documents. The terms of that letter speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

27.     Answering the allegations of paragraph 37, allege that Guardian sent Plaintiff's counsel a letter dated December 21, 2021, with enclosed documents. The terms of the December 21, 2021, letter and documents speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

28.     Answering the allegations of paragraph 38, allege that the Certificate and Plan documents referred to, attached as Exhibit A to the Complaint, speak for themselves and require no further comment or characterization by Defendants. Defendants further allege the remainder of the allegations refer to documents in the Administrative Record, the terms of which speak for themselves and require no further comment or characterization by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

29.     Answering the allegations of paragraph 39, allege that Guardian received a letter dated March 11, 2022, from Plaintiff's counsel pertaining to the deadline for Plaintiff to appeal. The terms of that letter speak for themselves and require no further comment or characterization

15524634.1

by Defendants. Except as so alleged, deny any remaining allegations of that paragraph.

30. Answering the allegations of paragraph 41, allege this paragraph refers to Plaintiff's counsel's March 25, 2022, letter, Exhibit I to the Complaint, the terms of which speak for themselves and require no further comment or characterization by Defendants. Defendants further allege this paragraph states conclusions of law for which no response is required. Except as so alleged, deny any remaining allegations of that paragraph.

31. Answering the allegations of paragraphs 42 and 43, allege that these paragraphs purport to refer to Exhibit H, but quote language from Exhibit I. In either event, these paragraphs refer to documents attached to the Complaint, the terms of which speak for themselves and require no further comment or characterization by Defendants. Defendants further allege these paragraphs state conclusions of law for which no response is required. Except as so alleged, deny any remaining allegations of those paragraphs.

32. Answering the allegations of paragraphs 45 and 46, allege these paragraphs purport to refer to Exhibit H, but appear to paraphrase Exhibit I. In either event, these paragraphs refer to a document attached to the Complaint, the terms of which speak for themselves and require no further comment or characterization by Defendants. Defendants further allege these paragraphs state conclusions of law for which no response is required. Except as so alleged, deny any remaining allegations of those paragraphs.

33. Answering the allegations of paragraphs 47 and 48, allege that by letter dated April 29, 2022, Guardian upheld its decision to withhold payment of LTD benefits in order to recover the overpayment. The terms of that letter speak for themselves and require no further comment or characterization by Defendants. Defendants further allege these paragraphs state conclusions of law for which no response is required. Except as so alleged, deny any remaining

15524634.1

allegations of those paragraphs.

34. Defendants repeat and reallege their responses to paragraphs: 1-56 in response to paragraph 57; 1-68 in response to paragraph 69; 1-73 in response to paragraph 74; 1-77 in response to paragraph 78; 1-82 in response to paragraph 83; and 1-92 in response to paragraph 93.

35. Deny the allegations of paragraphs 63-68, 70-73, 76, 77, 82, and 86-92.

36. Answering the allegations of paragraph 75, allege that Guardian rendered its claim determination in its capacity as a claim fiduciary. Except as so alleged, deny any remaining allegations of that paragraph.

37. Answering the allegations of paragraph 79, allege that Defendants dispute Plaintiff's contentions with respect to Guardian's right to recover the overpayment as provided by the Plan. Except as so alleged, deny any remaining allegations of that paragraph.

38. Answering the allegations of paragraph 81, allege that Plaintiff purports to need a judicial declaration clarifying her rights to future benefits under the terms of the Plan. Except as so alleged, deny any remaining allegations of that paragraph.

39. Answering the allegations of paragraph 84, allege that LTD benefits under the Plan were at relevant times funded by a group policy issued by Guardian. Except as so alleged, deny any remaining allegations of that paragraph.

40. Answering the allegations of paragraph 94, allege that Plaintiff purports to seek attorneys' fees and costs. Except as so alleged, deny any remaining allegations of that paragraph.

SECOND DEFENSE

41. ERISA preempts some or all of Plaintiff's claims.

### THIRD DEFENSE

42. Plaintiff is not entitled to a jury trial.

### FOURTH DEFENSE

43. Plaintiff has failed to state a claim upon which relief may be granted.

### FIFTH DEFENSE

44. Plaintiff's claims against Defendant The Guardian Life Insurance Company of America Group Long Term Disability Income Insurance Group Plan Policy Number: 00519629 (the "Plan") must be dismissed as it is not a property party to this suit; the group policy is a contract with no standing to sue or be sued.

### SIXTH DEFENSE

45. Plaintiff's remedies are limited solely to those afforded by ERISA.

### SEVENTH DEFENSE

46. Plaintiff's claims are barred because Guardian discharged its duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

### EIGHTH DEFENSE

47. Plaintiff's claims are barred because Guardian's actions were not arbitrary, capricious, unreasonable, or made in bad faith.

### NINTH DEFENSE

48. The decisions of Guardian with respect to Plaintiff's claims are entitled to deferential review.

### TENTH DEFENSE

49. To the extent the Court determines that Plaintiff is entitled to LTD benefits, such

benefits are subject to all other terms and conditions of the Plan.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice. Defendants further seek recovery of their attorneys' fees, costs and such further relief as the Court may deem appropriate.

# COUNTERCLAIMS OF DEFENDANT
# THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

## Parties, Jurisdiction & Venue

1. Defendant Guardian Life Insurance Company of America ("Guardian") is a New York State mutual life insurance company with its principal place of business in New York, New York.

2. Plaintiff Lori Ostenfeld is now, on information and belief, an individual residing in the State of New Jersey.

3. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e).

4. This Court is the correct venue for these counterclaims because the Plan has at relevant times been administered in this judicial district and the Defendant Guardian may be found in this judicial district.

## Facts

5. Defendant NEWSELA, INC. ("NEWSELA") at relevant times sponsored and maintained an employee welfare benefit plan subject to ERISA (the "Plan").

6. Plaintiff Lori Ostenfeld was at relevant times a participant in this Plan.

7. Guardian at relevant times served as the Claim Administrator and group insurer with respect to long-term disability ("LTD") benefits under the Plan.

8. Ms. Ostenfeld has claimed to be disabled from performing full time work since July 18, 2017.

9. Guardian accepted Ms. Ostenfeld's claim and paid her LTD benefits from January 1, 2018, through October 31, 2021, totaling $449,459.78.

10. The Plan offsets the LTD monthly benefit to be paid according to other income benefits, including state disability benefits and Social Security Disability Insurance ("SSDI") benefits under the United States Social Security Act.

11. By letter dated September 27, 2021, Guardian advised that when Ms. Ostenfeld's SSDI and state disability benefits were considered, LTD benefits had been overpaid to her by $119,550.00.

12. The Plan provides in part: "**Overpayment Recovery**: If We overpaid You, You must repay Us in full. We have the right to reduce Your payment or apply any benefits payable, including the minimum payment, toward recovery of the overpayment."

## COUNT ONE – DECLARATORY JUDGMENT
## RECOVERY OF OVERPAYMENT AND FUTURE SETOFF

13. Guardian repeats and realleges all prior paragraphs of these counterclaims.

14. Guardian has overpaid LTD benefits to Ms. Ostenfeld in the amount of $119,550.00.

15. Per the terms of the Plan, Guardian was and is now entitled to recover the sum of $119,550.00, from Ms. Ostenfeld, plus interest.

16. Guardian seeks a declaration that its actions under the Plan were not arbitrary and capricious and were not unreasonable, when it exercised the terms of the Plan to reduce Ms. Ostenfeld's LTD benefits payments beginning November 1, 2021, towards recovery of this overpayment.

17. Guardian further seeks a declaration that upon complete recoupment of the overpayment, LTD benefits may resume to Plaintiff, offset by the amounts of SSDI benefits she is currently receiving.

## COUNT TWO
## RECOVERY OF OVERPAYMENT

18. Guardian repeats and realleges all prior paragraphs of these counterclaims.

19. Guardian has overpaid LTD benefits to Ms. Ostenfeld in the amount of $119,550.00.

20. Per the terms of the Plan, Guardian was and is now entitled to recover the sum of $119,550.00, from Ms. Ostenfeld, plus interest.

21. Guardian exercised the terms of the Plan to reduce Ms. Ostenfeld's LTD benefits payments beginning November 1, 2021, towards recovery of this overpayment.

22. To date, Guardian has withheld benefits from November 1, 2021, to present. Ms. Ostenfeld still owes monthly payments to Guardian from December 1, 2022, to February 28, 2023, in the amount of $7,210.00 per month, and a final installment of $4,190.00 to be deducted for benefits for the time period March 1, 2023, to March 31, 2023. A total of $25,820.00 is owed to Guardian from Plaintiff.

23. In the alternative to a declaratory judgment permitting Guardian to continue to recoup the overpayment through March 31, 2023, Guardian seeks judgment on this counterclaim in an amount of $25,820.00, the remaining amount owed by Plaintiff.

WHEREFORE, Defendant Guardian demands judgment dismissing the Complaint with prejudice and for the relief sought in Guardian's counterclaims. Guardian further seeks recovery of its attorney's fees, costs and such further relief as the Court may deem appropriate.

15524634.1

November 28, 2022                    Respectfully submitted,

                                     /s/ Mark B. Rosen_____
                                     Mark B. Rosen
                                     PIERCE ATWOOD LLP
                                     1 New Hampshire Avenue
                                     Portsmouth, NH 03801
                                     (603) 433-6300
                                     (603) 433-6372 (fax)
                                     mrosen@pierceatwood.com


                                     Brooks R. Magratten, Esq. (*pro hac vice* forthcoming)
                                     PIERCE ATWOOD LLP
                                     One Financial Plaza, 26th Floor
                                     Providence, RI 02903
                                     (401) 490-3422
                                     (401) 588-5166 (fax)
                                     bmagratten@pierceatwood.com

                                     *Attorneys for Defendants*
                                     *The Guardian Life Insurance Company of America*
                                     *and*
                                     *The Guardian Life Insurance Company of America*
                                     *Group Long Term Disability Income Insurance Group*
                                     *Plan Policy Number: 00519629*

## **CERTIFICATE OF SERVICE**

      I certify that the within document was electronically filed with the clerk of the court on November 28, 2022, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on the following counsel of record:

Wayne J. Schaefer, Esq.
Schaefer Law Group, P.C.
186 West Main Street
Smithtown, NY 11787
wjs@schaeferlawgroup.com

                                                      /s/ Mark B. Rosen