UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LORI OSTENFELD,

                              Plaintiff,

                    -against-

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA, Individually, and in its capacity
as an Administrator of The Guardian Life Insurance
Company of America Group Long Term Disability
Income Insurance Group Plan Policy Number: 00519629,
NEWSELA, INC., Individually, and in its capacity
as Plan Sponsor and an Administrator of The Guardian
Life Insurance Company of America Group Long Term
Disability Income Insurance Group Plan Policy
Number: 00519629; and THE GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA GROUP
LONG TERM DISABILITY INCOME INSURANCE
GROUP PLAN POLICY NUMBER: 00519629,

                              Defendants.
------------------------------------------------------------------------X

Case No.: 1:22-cv-08265

(VSB) (JLC)

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT

                          SCHAEFER LAW GROUP, P.C.
                           *Attorneys for Plaintiff,* LORI OSTENFELD
                          186 West Main Street
                          Smithtown, New York 11787
                          Tel.: (631) 382-4800
                          Fax: (631) 382-4801
                          Email: wjs@schaeferlawgroup.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………………..i

PRELIMINARY STATEMENT……………………………………...….……..………….1

POINT I            DEFENDANTS FAIL TO REBUT PLAINTIFF'S SHOWING, ON MOTION, THAT DEFENDANTS WAIVED THEIR ENTITLEMENT TO A SET-OFF WHEN THEY KNOWINGLY ABANDONED THEIR INVESTIGATION INTO THE AWARD OF SOCIAL SECURITY DISABILITY BENEFITS TO PLAINTIFF ……………...……………2

       **a.**     **Since Guardian had no procedure in place for determining whether an SSD Set-Off was warranted or whether waiver or estoppel precluded imposition of a Set-Off, Good Cause exists to consider the additional evidence submitted by the parties**……………………………………………….....………2

       **b.**     **Guardian's waiver of any right it otherwise may have had to impose a Set-Off was not abrogated by its subsequent request to plaintiff that she provide additional information regarding the award of SSD benefits….**………………..………...…..5

       **c.**     **Defendants fail to demonstrate that the plaintiff's employment history somehow operated to relieve them of their obligation to investigate the facts underlying their claim for a Set-Off**……7

POINT II          DEFENDANTS FAIL TO REBUT PLAINTIFF'S SHOWING THAT THE COMPLETE IDENTITY OF FACTUAL AND LEGAL ISSUES BETWEEN PLAINTIFF'S COMPLAINT AND GUARDIAN'S COUNTERCLAIMS, RENDERS THE COUNTERCLAIMS DEFICIENT AS A MATTER OF LAW…………………….………………………………………….8

POINT III         UPON THE DISPOSITION OF THE PENDING MOTIONS, MS. OSTENFELD IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS …..………………….…..…………9

CONCLUSION………………………………….……………………………………10

# TABLE OF AUTHORITIES

**Cases**

*Anderson Sotheby's Inc.*, 2005 U.S. Dist. LEXIS 9033 *12 (S.D.N.Y 2005) ............................... 4

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987)……………...9

*DeFelice v. Am. Int'l Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir. 1997) ........................................... 3

*DFelice,* 112 F.3d at 65-67 ................................................................................................ 3

*Garrett v. Provident Life & Cas. Ins. Co.*, 2021 U.S. Dist. LEXIS 92502 *13 (E.D.N.Y 2021) ... 3

*Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375 (2d Cir. 2002) ............................................. 5, 8

*Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 294, 296 (2d Cir. 2004) ............................... 3

*Locher*, 389 F.3d at 296 ................................................................................................ 5

*Salovaara v. Eckert*, 222 F.3d 19, 27-28 (2d Cir. 2000) .................................................................. 9

**Statutes**

29 U.S.C. 1132 (a) (1) (B) ........................................................................................................ 1

PRELIMINARY STATEMENT

By this action, plaintiff, Lori Ostenfeld ("plaintiff" or "Ms. Ostenfeld") seeks to recover Long-Term Disability ("LTD") benefits due to her under the terms of an ERISA-regulated "employee welfare benefits plan", maintained by her employer, the plan sponsor and administrator, defendant, Newsela, Inc. The LTD benefits provided by the plan are secured by a policy of insurance issued by defendant, The Guardian Life Insurance Company of America ("Guardian"), which also served as the claim administrator with regard to claims for LTD benefits.

The factual background of the claim is set forth in plaintiff's memorandum of law submitted in support of her instant motion for summary judgment.[1] On motion, plaintiff demonstrated her entitlement to partial summary judgment on the first and second claims alleged in her complaint for recovery of plan benefits due her, pursuant to 29 U.S.C. 1132 (a) (1) (B), as well as the sixth claim for attorney's fees and costs.

Specifically, plaintiff demonstrated that defendants waived any right they may otherwise have had to claim a set-off against their obligation to pay LTD benefits by failing to investigate the grant of Social Security Disability ("SSD") benefits to plaintiff. Plaintiff demonstrated that a waiver was established, as a matter of law, when defendant Guardian abandoned any effort to obtain the information it claims it needed to impose the set-off from either plaintiff's attorneys representing her on her SSD benefits claim or from the Social Security Administration. Instead, Guardian, after being informed that plaintiff's appeal of the denial of her SSD application had been successful, took no action for a year and, then, inexplicably, limited its efforts to attempting

---

1 See, Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment, ("Plt. Mem.") (Doc. No. 68), pp. 4-11.

to obtain information directly from plaintiff – despite being on notice that plaintiff was suffering from post-traumatic stress disorder ("PTSD") which, among other things, caused her to suffer from a deceased attention span as well as memory and concentration issues.

Lastly, plaintiff is entitled to judgment in her favor on defendants' counterclaims. As plaintiff has previous demonstrated on brief, determination of plaintiff's claims will necessarily determine the same issues raised in defendants' counterclaims.

POINT I

DEFENDANTS FAIL TO REBUT PLAINTIFF'S SHOWING, ON MOTION, THAT DEFENDANTS WAIVED THEIR ENTITLEMENT TO A SET-OFF WHEN THEY KNOWINGLY ABANDONED THEIR INVESTIGATION INTO THE AWARD OF SOCIAL SECURITY DISABILITY BENEFITS TO PLAINTIFF

Initially, many, if not all, of the arguments raised by defendants in their opposition to plaintiff's motion for partial summary judgment were previously raised in support of defendants' own motion for summary judgment. Consequently, those same arguments are addressed, at length, in plaintiff's memorandum filed in opposition to defendants' motion.[2] Accordingly, plaintiff respectfully requests that her arguments raised in opposition to defendants' motion be considered as if fully set forth in this memorandum.

    **a. Since Guardian had no procedure in place for determining whether an SSD Set-Off was warranted or whether waiver or estoppel precluded imposition of a Set-Off, Good Cause exists to consider the additional evidence submitted by the parties**

In opposition, defendants begin by tacitly conceding that the decision to impose a set-off is subject to review by this Court, *de novo*.[3] Defendants then argue that this Court is limited to a

---

2 See, Plaintiff's Memorandum of Law in Opposition to Defendants Motion for Summary Judgment (Doc. 74-1).

3 See, Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("Def. Mem.") (Doc.

2

review of the Administrative Record in determining whether a waiver occurred – despite that fact that (1) this Court previously authorized discovery into Guardian's claims procedures for investigating SSD off-sets; and (2) defendants themselves rely on evidence outside the Administrative Record in support of their own claim for summary judgment.[4]

A District Court's review of a denial of benefits claim in an ERISA action, generally, "is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." *DeFelice v. Am. Int'l Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir. 1997). Although the Second Circuit has yet to define "good cause" a number of decisions have provided examples of circumstances which meet the threshold;

> In *DeFelice*, for example, the Second Circuit found good cause where, in a factual interpretation case like this one, there was a "demonstrated conflict of interest in the administrative reviewing body," "no established criteria for determining an appeal," and the reviewing body "apparently had a practice of destroying or discarding all records within minutes after hearing an appeal." *DeFelice,* 112 F.3d at 65-67; accord [*Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 294, 296 (2d Cir. 2004)](holding that "a conflicted administrator does not *per se* constitute good cause" and clarifying that *DeFelice* based its "holding not only on a demonstrated conflict of interest, but also upon the procedural problems with the plan administrator's appeals process") (*Garrett v. Provident Life & Cas. Ins. Co.*, 2021 U.S. Dist. LEXIS 92502 *13 (E.D.N.Y 2021)).

Here, the evidence of record demonstrates that Guardian had no actual procedure in place for determining whether a set-off for SSD benefits should be applied. Julie Wilson testified at her

---

No. 69), p. 2-3.

4 See, Declaration of Melanie Wiltrout, dated November 21, 2023 (Doc. 62); Declaration of Holly Cafiero, dated October 2, 2023 (Doc. 63).

3

deposition that she had been employed at Guardian since 2000 and became an LTD Team Leader in approximately 2011 or 2012; see, Wilson Depo., pp. 10, 14.[5]

At her deposition, Wilson confirmed that at the time plaintiff's claim was being processed, Guardian did not have a procedure in place specifically tailored to determining whether an LTD benefit otherwise payable was subject to an off-set. In fact, the excerpt from the Guardian Claims Manual which Wilson testified would have been the sole written procedure applicable, does not even mention off-sets, generally, or SSD off-sets in particular. At most, the document merely instructs a claims manager to "[d]etermine net monthly benefit payable on the claim based on the plan provisions found under "Income We Integrate With" and plan provisions governing partial disability or working while disabled" (Claims Manual, II, Approval of Benefits) (OST 002651) (Doc. No. 53-6). Moreover, while Guardian eventually implemented a team for determining off-sets arising from the payment of SSD benefits Wilson testified that the team was not in place when plaintiff advised Guardian, in September, 2019, that she had been granted SSD benefits; see, Wilson Depo, p.44 l.9 – p.44.l.25.

The ad-hoc method employed by Guardian, in determining what to do after it received word that claimant had been granted SSD disability benefits, unmoored to any written procedure, is the epitome of the slipshod scenarios which Courts have previously determined justify resort to evidence outside the administrative record; see, *Anderson Sotheby's Inc.*, 2005 U.S. Dist. LEXIS 9033 *12 (S.D.N.Y 2005) (noting that in *Locher* the Second Circuit upheld resort to evidence outside the administrative record where the District Court "found that the insurance company had 'no written procedure for claims review' or 'for evaluating and processing

---

5 A copy of the transcript of the deposition of Julie Wilson was previously filed in support of the instant motion (Doc. 65).

appeals.' "[quoting *Locher*, 389 F.3d at 296]; further noting that "[c]onflicts of interest and shoddy procedures are not the only factors that might satisfy the good cause requirement." *Anderson*, 2005 U.S. Dist. LEXIS 9033at *13.

Based on the above, plaintiff would submit that good cause clearly exists for considering evidence outside the administrative record.

    **b.    Guardian's waiver of any right it otherwise may have had to impose a Set-Off was not abrogated by its subsequent request to plaintiff that she provide additional information regarding the award of SSD benefits**

Defendants next devote an inordinate amount of time pressing a claim not in dispute – that, assuming no waiver occurred, the written policy issued by Guardian authorized the set-off for SSD benefits. (Def. Mem., p. 3-4).

Upon addressing the waiver issue at the heart of this case, defendants struggle in vain to distinguish this case from case law authority cited by plaintiff on brief holding that where, as here, a claims administrator has all the information it needs to adequately investigate and determine a specific defense, its failure to do so will give raise to a waiver of that defense as a ground for denying benefits; see, Plt. Mem., pp.14-19. In their opposition, defendants acknowledge that the Second Circuit in *Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375 (2d Cir. 2002) held that a waiver was established where the insurance company was "provided all necessary information from the plaintiff on which to *investigate* disability" (Def. Mem., p. 5) (emphasis added). Nonetheless, defendants argues that *Lauder* is distinguishable because, in the instant case, Guardian did not obtain a copy of the SSD benefits award letter and therefore, "did not have 'all [Plaintiff's] evidence' of other income before it in September of 2019 when it was first told of Plaintiff's SSDI award by email that lacked any written proof of the SSDI amount."

5

(Def. Mem., p. 7). (citations omitted). Defendants' argument misreads *Lauder* as holding that a waiver will not be found unless and until it is determined that an insurer was in possession of each and every piece of information required to determine the precise value of the claim, set-off or other defense at issue. However, this is not what *Lauder* holds. Rather, as plaintiff previously demonstrated on brief, a defendant carrier such as Guardian will be deemed to have waived any claim for reimbursement of benefits purportedly overpaid where, as here, it is placed on notice of facts entitling it to claim a set-off, but then; despite having ready access to information which would allow it to do so, fails to investigate and determine the precise amount of the set-off; see, Plt. Mem. pp. 14-16. In contrast, nothing in *Lauder v. First Unum Life Ins. Co.,* or any of the other cases cited by defendants, supports their novel contention that they can escape a waiver by asking the plaintiff to provide information which, defendants, with a minimum of due diligence, could have easily obtained from at least two other sources.

Here, there is no dispute that when Guardian was first advised, in September, 2019, that plaintiff had been granted SSD benefits, it had a signed authorization from plaintiff allowing it to obtain information directly from the Social Security Administration. (Plt. 56.1, para.,7). The record further demonstrates that Guardian Claims Managers were trained to contact the Social Security Administration as part of the process of determining whether an offset against LTD benefits was warranted. (Plt. 56.1, para. 24, 25, 26.) However, in plaintiff's case, the Social Security Administration was never contacted. (Plt. 56.1, para. 27). The record further demonstrates that despite the fact that Guardian routinely corresponded with the law firm representing plaintiff in her SSD application, after being informed that the application had finally been approved, Guardian waited two years before requesting a copy of the SSD award letter

6

from plaintiff's attorneys. Upon receiving the request, plaintiff's SSD attorneys forwarded a copy of the award that same day.

Guardian further argues that a finding of waiver would impermissibly result in an expansion of coverage. However, plaintiff has previously demonstrated that a finding of waiver would not expand the scope of coverage since Guardian had previously determined that plaintiff met all the requirements entitling her to the LTD benefits provided by the policy.

    c.    **Defendants fail to demonstrate that the plaintiff's employment history somehow operated to relieve them of their obligation to investigate the facts underlying their claim for a Set-Off**

On brief, defendants expound, at length, on the subject of plaintiff's work experience. Essentially, defendants attempt to make the case that plaintiff was "a sophisticated business woman" who, by virtue of her position as "Chief People Officer" either "knew or should have known that Guardian required the SSDI Award letter… (Def. Mem., pp. 11-12). However, as plaintiff's declaration submitted in opposition to defendants' motion for summary judgment notes, a review of the job description for Chief People Officer confirms that the position did not call for any involvement in administering or overseeing applications for LTD benefits. Rather, the position was an executive position which focused on oversight, strategic planning and development – not oversight and monitoring of LTD benefit applications. Plaintiff played no role in the oversight or administration of the LTD benefits provided by the Plan and consequently, at no time while she was employed at Newsela did she become knowledgeable of the contents of the Guardian policy which provided for those benefits.[6]

---

6 See, Declaration of Lori Ostenfeld in Opposition to Defendants' Motion for Summary Judgment, dated December 27, 2023 (Doc. 72), para. 3, 6.

More significantly, defendants fail to cite to a single authority which holds that knowledge on the part of plaintiff that obtaining a copy of the SSD award letter was part of the claims administration process, would have operated to absolve Guardian of its failure to act. As demonstrated above, in evaluating a claim of waiver, the focus is on what the *defendants* knew and whether, in light of such knowledge, their apparent decision to abandon any effort to obtain a copy of the SSD award letter from anyone other than plaintiff, nonetheless, allows for a determination that there was no "intentional relinquishment of a known right". (See, Def. Mem., p. 9; quoting, *Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375 (2d Cir. 2002). Plaintiff would submit that, for all of the reasons set forth above, such a determination cannot be sustained on this record.

POINT II

DEFENDANTS FAIL TO REBUT PLAINTIFF'S SHOWING THAT THE COMPLETE IDENTITY OF FACTUAL AND LEGAL ISSUES BETWEEN PLAINTIFF'S COMPLAINT AND GUARDIAN'S COUNTERCLAIMS, RENDERS THE COUNTERCLAIMS DEFICIENT AS A MATTER OF LAW

On brief, plaintiff demonstrated that Guardian's counterclaims should be dismissed because all of the factual and legal issues they raise are material to, and will be resolved in the course of, the disposition of plaintiff's claims alleged in her complaint; see, Plt. Mem., pp. 20-21. In response, defendants argue that their counterclaims are not moot because a separate "declaratory judgment in Guadian's favor is necessary with respect to its continued reduction of Plaintiff's LTD benefits going forward". (Def. Mem., p.14). Contrary to defendants' argument, a substantive determination on plaintiff's wrongful denial of benefits and declaratory judgment claims will necessarily decide whether the two-year lapse in Guardian's efforts to obtain

information regarding the SSD award resulted in a waiver. If it did, then the resulting judgment will direct Guardian to recalculate the benefits for all periods during which the set-off was applied, will direct that plaintiff be "made whole", and will further operate to preclude any set-off against future benefits. A separate counterclaim requesting the declaratory portion of the above relief is therefore redundant and unnecessary or, in other words, moot.

POINT III

UPON THE DISPOSITION OF THE PENDING MOTIONS, MS. OSTENFELD IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS

As noted above, plaintiff's sixth claim for which relief can be granted seeks an award of attorney's fees and costs. (Doc. 2, para. 93, 94).

On brief, plaintiff demonstrated that a review of the factors set forth in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987) compels an award attorney's fees and costs in the event summary judgment is entered in in plaintiff's favor; see, Plt. Mem., pp. 21-22. In their opposition, defendants hold out the possibility that plaintiff might not prevail on all of her claims as a basis for deeming an award of attorney's fees and costs on the claims in which she is a prevailing party to be "premature" and contrary to interests of judicial economy; see, Def. Mem., p. 13. Plaintiff disagrees and would respectfully submit that while a grant of judgment in plaintiff's favor on some, as opposed to all, of her claims may be deemed probative of "the relative merits of the parties positions" (*Salovaara v. Eckert*, 222 F.3d 19, 27-28 (2d Cir. 2000)), the factor alone, would not preclude an award of attorney's fees and costs in plaintiff's favor in light of the application of the *Chambliss* factors set forth at Point III of her memorandum in support of this motion. At a minimum, plaintiff would submit that any denial of

9

summary judgment in her favor with regard to her sixth claim for which relief can be granted should be without prejudice to her right to renew her application for attorney's fees and costs at a later stage of the litigation.

## CONCLUSION

WHEREFORE, plaintiff, Lori Ostenfeld respectfully requests that this Court enter its order, pursuant to F. R. Civ. P. 56, granting plaintiff partial summary judgment; to wit, judgment in favor of plaintiff, Lori Ostenfeld, and against defendants, on the on the first, second and sixth claims for which relief can be granted alleged in the Complaint and, further, in favor of plaintiff, Lori Ostenfeld, and against defendant, The Guardian Life Insurance Company of America, on said defendant's counterclaims, together with such other and further relief as this Court may deem just and proper.

Dated: Smithtown, New York
      January 16, 2024

    Respectfully submitted,

    SCHAEFER LAW GROUP, P.C.

    By: _____/s/_____
    Wayne J. Schaefer, Esq.
    *Attorneys for Plaintiff,* LORI OSTENFELD
    186 West Main Street
    Smithtown, New York 11787
    Tel.: (631) 382-4800
    Fax: (631) 382-4801
    Email: wjs@schaeferlawgroup.com